UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KARREIM RICHARDSON,**

                            Petitioner,        9:20-cv-809
                                                    (GLS/ATB)

              v.

**WILLIAM LEE,**

                            Respondent.
_____

## SUMMARY ORDER

On July 17, 2020, *pro se* petitioner Karreim Richardson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging Albany County Court's judgment of conviction, upon a jury verdict, on five counts of second degree Criminal Possession of a Weapon, for ineffective assistance of trial counsel.  (Pet. ¶¶ 1-6, 12, Dkt. No. 1.) New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment, and, on December 13, 2018, the New York State Court of Appeals denied leave to appeal.  *See New York v. Richardson*, 162 A.D. 3d 1328 (3d Dep't 2018), *lv to appeal den.,* 32 N.Y.3d 1128 (2018).

In a Report-Recommendation (R&R) filed on July 1, 2021, Magistrate

Judge Andrew T. Baxter recommended that Richardson's petition be denied and dismissed.  (Dkt. No. 16 at 3.)  For the reasons that follow, the R&R is adopted and Richardson's petition is denied and dismissed.

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04–cv–484, 2006 WL 149049, at *3 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id*. at *5 "[W]hen an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review."  *Smurphat v. Hobb*, No. 8:19-CV-0804, 2021 WL 129055, at *2 (N.D.N.Y. Jan. 14, 2021) (citations omitted).

In his objections, Richardson makes several arguments, most of

2

which are general or reiterations of the allegations and information already provided in papers submitted to Magistrate Judge Baxter, (*see generally* Dkt. No. 1, 15, 20), which triggers review for clear error.

    Richardson raises only one arguably specific objection to the R&R, objecting "to the claim that [Richardson] changed his argument." (Dkt. No. 20 at 1.) However, to the extent that Richardson raises a specific objection, he misapprehends the law. In the R&R, Magistrate Judge Baxter explained that Richardson "changed his argument" from the time of his post-conviction motion to his habeas petition to allege his "counsel was ineffective in failing to move to dismiss the indictment on 'legal insufficiency' grounds because there was insufficient evidence . . . that [Richardson] possessed the firearms 'in public,'" a claim Richardson failed to raise in New York State court, "making [this] claim unexhausted." (Dkt. No. 16 at 15-16.) Magistrate Judge Baxter also noted that, since Richardson is now unable to challenge his conviction through the New York State courts, the "legal insufficiency" claim would be deemed procedurally defaulted. (*Id.*) Richardson points to his writ of error coram nobis as evidence that he raised this claim in previous New York State court proceedings. (Dkt. No. 20 at 1-2.)

3

While Richardson's objection to the R&R regarding his shifting arguments might appear specific, which would necessitate *de novo* review, this objection misinterprets the law and is irrelevant to Magistrate Judge Baxter's reasons for recommending denial and dismissal of the petition. Indeed, Magistrate Judge Baxter acknowledged that the claim regarding the sufficiency of the evidence was raised in Richardson's coram nobis application with respect to Richardson's appellate counsel.  (Dkt. No. 16 at 16.)  The R&R also addressed the merits of Richardson's sufficiency of the evidence claim and found that it was without merit,[1] as such, "[Richardson] failed to show either that his original trial counsel or his appellate counsel were ineffective for failing make this argument." (*Id.* at 17-18.)  Moreover, Richardson's objection fails to demonstrate why his contention that he did not change his argument is at all relevant to the recommended disposition.

Richardson's remaining arguments are general and reiterate his prior arguments, and, thus, are reviewed for clear error only, of which this court finds none.

---

[1] For example, Magistrate Judge Baxter found Richardson's argument that he was not in public "meritless," and further noted that "the main problem with petitioner's argument [that he was not in public] is that the elements of [N.Y. Penal Law] section 265.03(3) do not specify that the petitioner be 'out in public.'" (Dkt. No. 16 at 17.)

4

Accordingly, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 16) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Richardson's petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability shall issue pursuant to 28 U.S.C. § 2253(c); and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 11, 2022
Albany, New York

*Gary L. Sharpe*
U.S. District Judge